May it please the court, counsel. Doug Phelps on behalf of Maxwell Jones. This case is previously before this court on a different issue and was remanded back for resentencing and I believe the issue is kind of evolved in this case and it appears that the question is whether or not this court should adopt the mandate rule as opposed to the de novo rule upon remand and considering the sentencing. Mr. Jones after he was a sentenced on his previously sentenced by the district court appeared in state court and was sentenced on another crime and then on remand back the district court counted that crime to increase his sentence range and sentenced him based upon a crime that had not been he had not been convicted of when he was initially before the district court and we argued that that violates the ex post facto rule and and we cite to Ticciarelli the 11th circuit case which is 171 Fed 3rd 24 it's the first circuit case 1999 case that case addressed a couple of issues that were not addressed in the and the issues that the Ticciarelli case address that were not addressed in the clump case where whether or not a sentencing a remand back and a resentencing a completely new resentencing violated 18 USC 3582 sub C and in Ticciarelli they argued that because it would violate that statute 18 USC 3582 sub C and additionally rule 35 a that the court should not upon remand consider any crimes that occurred had occurred in the interim from the original sentencing that the court was limited in what they could do it resentencing by 18 USC 3582 sub C and rule 35 the criminal rule 35 let me ask you about that because it seems to me if same scenario but let's say your client did something really really great he did great community service or he saved someone from a fire or something like that certainly you would want the district court to take that into consideration to say look at these great things he's done in the interim right well I think that the knife cuts both ways and unfortunately under if the court were to follow the mandate rule which a number of the circuits do then the court upon remand would be limited in the things that they would be able to consider and and I recognize that the court that the mandate rule cuts both ways but it does seem to be the most consistent rule with rule 35 and 18 USC 3582 sub C I think therein lies the problem that if the court adopts the de novo rule which it appears that they did in clump but in clump the court did not consider either rule 35 a or 18 USC 3582 sub C and I agree with you I've thought about that I mean it makes cooperation I mean how would 5k work in that scenario I guess the argument would be that 5k comes under a different statute that allows the government to come in if there's been substantial assistance or something of that nature and the court could do it at that point because it's consistent with another statute but then okay perhaps I mean 5k there's the drug 5k or version of 5k where it is statutory but there's a straight 5k all the 5k factors there's cooperation you and I familiar with the general 5k there's all the other ones that he when he was in prison he turned his life around and he got all the college certificates that they always like to bring into sentencing to show how they got their GED so under your view under the mandate rule all of that is out well under that that are that argument would have had to have been made at the initial sentencing and the court would have considered that at the initial but let's say sometimes as you know the Ninth Circuit is not as fast as people might like and it might be a while before you get a case back right a perhaps could finish their GED in between the two Ninth Circuit but your view is that under the mandate rule that could not be considered I believe that under the mandate rule if we were to follow it strictly they wouldn't be able to bring that up if they hadn't brought it up in the initial now I would take that that if in the initial appeal before the whatever the circuit court is the attorney that handled the appellate case had raised that as an issue I don't think they'd be barred if the court ruled in their favor on that particular issue from raising it say they raised on appeal that the court failed to consider the the factors that they should consider such as you know the change in life or that kind of thing if the court ruled that the court failed to consider those 35 I think I can't remember I have top of my head those the number that they are to consider when the person has changed their life around or the other sentencing factors that are not considered under the guidelines if that attorney failed to bring those up and the appellate was the appellate attorney didn't raise that issue on appeal I it appears it would be barred under the mandate rule and I don't want to dominate the discussion today but I also do want to make sure you talk about the second issue in the case where as I understand the Ninth Circuit instructed the district court in front of the criminal history and so forth and in looking at the Ninth Circuit's mandate in the in the mem dispo sending this case back and then looking with the district court did I wasn't sure what the district court did actually was inconsistent because I wasn't sure that his court actually used them to compute criminal history he'd certainly mentioned the the questionable convictions but I'm not sure he actually used them to compute criminal history score can you talk about that well I'm not I don't believe that he did use them I may be wrong but I don't believe that he did use them to on the on the remand I don't believe that judge Nielsen used them to calculate the criminal history that was my reading as well but but I believe what happened was that in the argument of counsel at sentencing that the court should consider his extreme criminal history that the court considered maybe unintentionally the those cases that they were instructed the court had been instructed not to consider counsel there was no objection to that reference to the defendants criminal history which explicitly did include these uncounseled convictions there was no objection to that at sentencing isn't that correct we I that I would agree that I did not object at the time that that was raised so you do face arguably a plein air situation do you not well as to that issue I that could arguably be the standard because at the time that counsel made those arguments I didn't I didn't admittedly stand up and say I believe that the court should keep in mind that so that I guess the question then is in light of the very substantial criminal record that your client has apart from those uncounseled convictions how could you establish a reasonable probability of a different outcome on sentencing if we were to remand well I I'm judging now we're addressing just the issue of and not the other issue that's correct I think that it judge Nielsen if he were instructed that he is not to consider those in any fashion certainly would do that I I think that it was perhaps an oversight on his part to come that he you know unintentionally considered those those cases given the argument of counsel I and admittedly I should have objected it clearly at that point I'm down to a minute and response so may I ask a question yes sure is it ever is it ever proper for a district court to consider for any purpose constitutionally infirm convictions I don't believe it is proper for the district court to consider any sentence that is constitutionally infirm and I think we clearly established that the court should not consider those at all my concern that goes to plain air but it also goes to my concern about this particular wording in the memorandum disposition previously issued by our court it says on remand the district court may not use the three uncounseled 2003 state convictions to calculate the base offense level or the criminal history category and I'm wondering if that was correct that whether it should have instructed the judge to not to consider them for any purpose and I think perhaps I think that's the role and perhaps if our mandate had been a little bit more clear the judge wouldn't have done that I'm sure he wouldn't have if the mandate had been clear at Judge Neal's is a great judge and does a very good job so I think that if he had understood that he clearly would not have considered them at all I think it was just it wasn't clear counsel was making the argument that he had a lot of criminal history and inadvertently I think it was considered but but the additional issue here is that which rule should this this court follow the mandate rule or the de novo rule and and that hasn't been addressed and what happens when I was here before this court before was I think one of the judges asked me what would be my position on remand and I told them at that time I believe there had been an additional conviction in state court and I think that resulted that comment by me resulted in the instruction about the additional state case I wasn't fully apprised of what the conviction was or or any of the facts about that or the timing of that offense and when it was remanded back then I investigated that a little more fully I will give you two minutes in rebuttal okay all right thank you sure a police court counsel good morning my name is Tim Ohms here on behalf of the United States from the US Attorney's Office in Spokane so with regard to this question of the mandate rule versus the de novo rule and counsel's urging of this court to adopt the First Circuit's approach to sentencing the scope of sentencing on remand I would point out a couple things first counsel stated that the de novo rule was was first stated in the Ninth Circuit in the clump case and actually it was first stated in a case called Ponce and if this is not in the this issue wasn't wasn't raised in this manner in the in the appellant's opening brief so some of these issues were not fully developed for argument but USB Ponce was actually decided three months before clump it was decided on March 27th 1995 it's at 51 Federal 3rd 820 1995 case and it's cited to the 8th remand is de novo and it says that on remand the district court may consider any matter relevant to sentence to the sentencing then of course it says that it must be consistent with the mandate so it's very clear from clump how the de novo review that was that was expressed in Ponce works with regard to the sentencing on remand and judge Nielsen is very familiar with clump just as the side he was the trial judge when in the clump case so time has gone on since then and after reading the defense reply brief and seeing the direction that they were going with their argument I did find a case that was decided in July of this year from the lead the 10th circuit and that is us the Burke be you are ke and I did provide it was quite late but I did provide the court with a notice of supplemental authority and that's located at eight I'm trouble Federal 3rd at 1355 decided in July of 2017 and I think one of the one of the valuable things of clump is a very abbreviated case does there's not much analysis in it Burke goes through the issue it cites both TQ rally and clump sites the First Circuit approach sites the Ninth Circuit approach and it it them based upon the mandate rule and the the de novo rule and it decides its case similar issue consistent with the Ninth Circuit's decision in clump but I think was important there's it goes through the rationale and talks about the rationale behind the de novo rule was that when the sentence is vacated it's vacated and then what happens after that starts fresh starts a new that's the rule I think it is the law in the circuit I think that even under the mandate rule the district court was authorized to look at that that intervening conviction so even under the mandate rule the district court did not violate that rule and so we're asking the court to affirm the sentence as to that when council's bit was my experience as a prosecutor that on resentencing at least in the Ninth Circuit defendants usually did better the second time around even on the same facts because a lot of the emotion and sentencing the victims attend the first sentencing they're not often there for the resentencing and the prisoner has behaved himself in prison I've seen district courts and my experience usually give the guy a break second time around I was curious what your experience was in the Eastern District of Washington well that's my experience as well and and generally it's the the sentencing is sort of scaled that way if they come back and in fact that was the here because if you read through judge Nielsen's sentencing statement he says I think the 144 months I gave you originally was a just sentence he says when I came out here this morning I intended to impose a sentence of 120 months but the defendant had done well in the penitentiary so the judge did consider let's say the evidence of post conviction rehabilitation in that instance this defendant is serving time I understand in a very serious severe prison environment he's not had any infractions and he's also a very articulate man he can present himself quite well despite his criminal record and I think the court was swayed by those things and instead of giving him the hundred and twenty one excuse me hundred twenty month sentence that he that he that the court indicated he was contemplating he gave him a sentence that was six months above the high end of the guidelines which ended up being the 84 month sentence so I think that that actually the court considered both the court considered aggravating circumstance of this additional conviction and also the mitigating circumstance of the defendant's behavior while he's in custody. Counsel may I ask did the court consider in going the above guideline sentence here the constitutionally infirm convictions? I don't think it's clear from the record it is clear from the record that he considered the conduct and I think that the conduct it was permissible for the court to consider the underlying conduct under Supreme Court authority of Watts which I think everyone's familiar with which is in fact that the sentencing court can consider conviction not conviction. Counsel doesn't he when he talks about the long history he specifically uses the language of convictions does he not not conduct? He does he does I think I think that's the reason he uses both because he he references it at multiple times and some of it relates clearly relates to those those three infirm convictions and some of it doesn't. I mean he talks about a number of things including the defendant's long history of drug use and involvement with firearms. Some of that's uncharged conduct and some of its unconvicted conduct for which the defendant wasn't convicted. He cites the fact that the defendant has a long history of violent criminal convictions which is a generic usage of the term here. One of those would have then been the assumedly the assault conduct or conviction for that was constitutionally infirm but then there were the two robberies that I think the court was also looking at. But the court also looked at other factors. The court considered the fact that this defendant had presented false testimony at trial. The court talked about the fact that this could have been presented as an obstruction issue that was it wasn't debated as an obstruction issue issue it was just talked about as a 3553 factor. The court considered the fact that each of these three convictions was based upon an entirely separate incident as opposed to a defendant who's convicted on three counts all somehow part of the case by a year. So the court looked at a number of different factors here including what it considered the defendant's long list of law contacts that the court indicated do ultimately begin to tell the story and that's at excerpt of record 22. So I think the court was looking at the entire package here of this long history of contacts with law enforcement that the court felt told a story. The court clearly considered the defendant's conduct that resulted in the three uncounseled convictions which the defendant never challenged in terms of the conduct. The defense never challenged the accuracy of the report of that information as it was relayed within the pre-sentence report. The court does reference the fact that that these were convictions. These were state convictions for which the defendant there are still state convictions as far as I know. The defendant served his sentence for each of those. So they are convictions but I don't think that from that we conclude that the court was giving them extra weight as convictions. The court was considering them as part of the total package of conduct. That's the way I read the record and I think that it's a fair way to read the record given the result here. Why doesn't doesn't that violate this at least the spirit of the mandate? True, he did not consider the convictions in deciding the criminal history under the guidelines but he nevertheless in looking at the total history of the individual did consider those convictions. Why doesn't that at least violate the spirit of the mandate if not its formal terms? I don't think it violates the spirit of it if what we're talking about is conduct. I don't think that violates the spirit of the mandate and in referencing the conduct as a conviction that is technically accurate. So I think the question is whether the court was giving that somehow additional weight when he's when the court was talking about the long history of conduct of interactions of drug use and connection with firearms and violent behavior. So I think that you know there may be a semantic issue here but I don't think that the court violated either the mandate directly. It clearly did not directly violate the mandate and I don't think the court violated the spirit of the mandate. I think the court worked very hard to reach what it considered to be a fair and just result citing a number of 3553 factors. So I'm out of time in case the court has additional questions. Any further questions? Thank you. Thank you. Thank you. Two minutes for rebuttal. Addressing the Burke case which counsel raised, I have the Burke case. It's July 19, 2017 case out of the 11th Circuit. What's important to know to that about a reading of that case is that it begins at one point the guidelines commentary is authoritative unless it violates the Constitution or a federal statute and then they cite case law that supports that. They don't address and they it was never raised in that case as far as I know that it violates 18 U.S.C. 3582 sub c or rule 35a. Burke doesn't seem to address that and and Titcherly does a very good job of analyzing a number of those issues and additionally the Ninth Circuit's approach in Klump and why they why they don't believe that that's a good rationale for for handling cases on remand. The consideration of of cases where a defendant was not represented by an attorney as what occurred in this case should not occur at all. The the fact that he did not have legal counsel there in state court where I think the record in state court showed that he told the judge that he thought that he needed legal counsel but they proceeded without an attorney and he was convicted then without an attorney actually I think he conceded and went ahead and pled without representation and I think that's why Judge Quackenbush earlier in earlier case refused to consider it. I think that's quite proper it should not have considered at all by this court on remand and I think therein is a great problem. Thank you. Thank you very much counsel. This matter is submitted. Thank you both for the argument.
judges: Lipez, Wardlaw, Owens